# EXHIBIT A

# EXHIBIT A

CHAD IRVIN, ESQ., ESQ.
GULDJIAN | FASEL
20250 BIRCH STREET
NEWPORT BEACH, CA  92660
949-487-3000
Attorney for:  EMILIA ANGELICA LEON BAYRON
Atty. File No.:

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

02/14/2023 at 12:01:00 AM

Clerk of the Superior Court
By E- Filing, Deputy Clerk

SUPERIOR COURT OF CA., COUNTY OF SAN DIEGO
SAN DIEGO

| | | |
|---|---|---|
| PLAINTIFF | : EMILIA ANGELICA LEON BAYRON | Case No. : 37-2023-00004971-CU-PO-CTL |
| DEFENDANT | : ISLAND HOSPITALITY MANAGEMENT X, LLC | **PROOF OF SERVICE** |

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the   SUMMOMS; COMPLAINT; CIVIL CASE COVER SHEET; NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE; ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

3. a. Party Served   : ISLAND HOSPITALITY MANAGEMENT X, LLC, A DELAWARE LIMITED LIABILITY COMPANY DBA MOXY GASLAMP
   b. Person Served  : JOHN M., PERSON IN CHARGE
                       (H/M/BLK HR/BRN E)

4. Address where the party was served:  330 N. BRAND BLVD.
                                        GLENDALE, CA  91203   (Business)

5. I served the party
   a. **by personal service.**   I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1)  on   February  8, 2023   (2)  at: 11:46 AM

6. Witness fees were not demanded and were not paid.

7. **Person who served papers**
   a. REGINALD E. RICHARDSON
   b. KNOX ATTORNEY SERVICE
      1522 BROOKHOLLOW DRIVE SUITE 3
      SANTA ANA, CA 92705
   c. 714-479-1650

   d. Fee For Service : $ 109.75
   e. I am
      (3)  a registered California process server
         (i)   an independent contractor
         (ii)  Registration No.: PSC#2676
         (iii) County:  ORANGE, CA

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date :  February  10, 2023

Signature: _____
          *Reginald E. Richardson*
          REGINALD E. RICHARDSON

Jud. Coun. form, rule 2.150 CRC
JC Form POS 010 (Rev. January 1, 2007)

**PROOF OF SERVICE**

Ref. No.:  2593848-01

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ISLAND HOSPITALITY MANAGEMENT X, LLC, a Delaware Limited Liability Company dba Moxy Gaslamp; WHEELOCK STREET INVESTMENT MANAGEMENT LLC, a Delaware Limited Liability Company; and DOES 1 through 100, inclusive;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

EMILIA ANGELICA LEON BAYRON, an individual;

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
02/02/2023 at 05:44:36 PM
Clerk of the Superior Court
By Brenda Ramirez, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Diego County Superior Court
Hall of Justice
330 W. Broadway, San Diego, CA 92101

CASE NUMBER:
*(Número del Caso):*
37-2023-00004971-CU-PO-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Chad Irvin, Guldjian | Fasel, 20250 Birch St., Newport Beach, CA 92660; 949.487.3000

DATE: 02/06/2023   Clerk, by B. Ramirez, Deputy
*(Fecha)*   *(Secretario)*   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* WHEELOCK STREET INVESTMENT MANAGEMENT, LLC, a Delaware Limited Liability Company

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☒ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
**02/02/2023** at 05:44:36 PM
Clerk of the Superior Court
By Brenda Ramirez, Deputy Clerk

Christopher A. Guldjian (SBN 222964)
Frank R. Fasel (SBN 263943)
Kaaveh K. Zargar (SBN 306366)
Chad E. Irvin (SBN 303210)
Yvette Hernandez (SBN 345556)
*litigation@glawg.com*
**GULDJIAN | FASEL**
Mailing Address: 20250 Birch Street,
Newport Beach, CA 92660
Physical Address: 3080 Bristol Street, Suite 380,
Costa Mesa, CA 92626
Telephone:    (949) 487-3000
Facsimile:    (949) 480-1699

Attorney for Plaintiff: EMILIA ANGELICA LEON BAYRON

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| EMILIA ANGELICA LEON BAYRON, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>ISLAND HOSPITALITY MANAGEMENT X, LLC, a Delaware Limited Liability Company dba Moxy Gaslamp; WHEELOCK STREET INVESTMENT MANAGEMENT, LLC, a Delaware Limited Liability Company; and DOES 1 through 100, inclusive;<br><br>Defendants. | Case No.   37-2023-00004971-CU-PO-CTL<br><br>**COMPLAINT FOR PERSONAL INJURIES AND DAMAGES; DEMAND FOR JURY TRIAL**<br><br>1) **NEGLIGENCE**<br><br>Department:<br>Judge:<br>Action Filed:<br>Trial Date: |

///
///
///

---

1
COMPLAINT FOR PERSONAL INJURIES AND DAMAGES; DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff EMILIA ANGELICA LEON BAYRON, an individual; and for causes of action against Defendants ISLAND HOSPITALITY MANAGEMENT X, LLC, a Delaware Limited Liability Company doing business as Moxy Gaslamp ("ISLAND HMX"); WHEELOCK STREET INVESTMENT MANAGEMENT, LLC, a Delaware Limited Liability Company ("WHEELOCK"); and DOES 1 through 100, inclusive ("Defendants"), and each of them, complains and alleges as follows:

## GENERAL ALLEGATIONS

1. The events giving rise to the complaint herein occurred in the City of San Diego, County of San Diego, State of California.

2. At all times relevant herein, Plaintiff was a resident of the City of Los Angeles, County of Los Angeles, State of California.

3. Plaintiff is informed and believes, and thereupon alleges that at all times relevant, Defendant ISLAND HMX is a Delaware limited liability company registered to do business and actually doing business in the County of San Diego, State of California.

4. Plaintiff is informed and believes, and thereupon alleges that at all times relevant, Defendant WHEELOCK is a Delaware limited liability company registered to do business and actually doing business in the County of San Diego, State of California.

5. The true names and capacities, whether individual, plural, corporate, partnership, associate or otherwise, of DOES 1 through 100, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. The full extent of the facts linking such fictitiously sued Defendants with the causes of action alleged herein is unknown to Plaintiff. Plaintiff is informed and believes, and thereupon alleges, that each of the defendants designated herein as a DOE was and is negligently, carelessly, recklessly, unlawfully, tortuously, wantonly, wrongfully, illegally, or in some other actionable manner, responsible for the events and happenings hereafter referred to, and thereby negligently, carelessly, recklessly, unlawfully, tortuously, wantonly, wrongfully and illegally proximately caused the hereafter described injuries and damages to Plaintiff. Plaintiff will file an amended complaint or seek leave of court to file an

amended complaint to show Defendants' true names and capacities after the same have been ascertained.

6. Plaintiff is informed and believes, and thereupon alleges, that at all times mentioned herein, Defendants, and each of them, including DOES 1 through 100, inclusive, were agents, servants, employees and joint ventures of their co-defendants, and were, as such, acting within the course, scope, and authority of said agency, employment and joint venture, and that each and every Defendant, as foresaid, when acting as a principal, was negligent in the selection and hiring of each and every Defendant as an agent, employee, contractor, subcontractor and joint venture, and that each Defendant, by and through its officers, directors or managing agents, authorized, ratified, or otherwise approved the acts of the remaining Defendants, and that said officers, directors or managing agents participated in said acts with the Defendants, including DOES 1 through 100, inclusive, and each of them.

## FIRST CAUSE OF ACTION

## NEGLIGENCE

7. Plaintiff refers and incorporates, as though fully set forth herein, all the allegations and statements set forth in this Complaint.

8. Plaintiff alleges that Defendants owed a duty of care to Plaintiff to act in a reasonable, prudent, and careful manner in the inspection, maintenance, and repair of the amenities offered to her, as a guest of Defendant's hotel, and failed to do so, resulting in her sustaining permanent injuries.

9. Defendants operate a hotel called Moxy Gaslamp; located at 831 Sixth Ave., San Diego, CA 92101. Defendants hotel rooms come equipped with a variety of amenities for their guests to use, including but not limited to, clothes steamers.

10. On September 21, 2022, Plaintiff was using the steamer provided by Defendants when it malfunctioned, spewing boiling hot water on Plaintiffs' legs. The steamer was in such a condition that, Defendants either knew or should have known through a reasonable inspection, that the device was unsafe, yet they failed to replace it, repair it, or warn Plaintiff of its dangerous condition.

11. Plaintiff suffered substantial burns and permanent scarring from the boiling water spewed by Defendant's steamer. As the direct and proximate result of the negligent, wanton, reckless, tortious, wrongful, and unlawful conduct of Defendants, Plaintiffs sustained permanent injuries which have caused and will continue to cause Plaintiffs mental, physical and nervous pain and suffering in addition to other damages, all to damage according to proof.

12. As a further direct and proximate result of the negligent, wanton, reckless, tortious, wrongful, and unlawful conduct of Defendants, Plaintiffs were required to, and did, and will in the future, employ physicians and surgeons to examine, treat and care for Plaintiffs' injuries, employ specially trained persons to supply care and services, and incur medical and incidental expenses for such care and services, all to further damage according to proof.

WHEREFORE, Plaintiffs pray for judgment against Defendants and DOES 1 through 100, inclusive, as follows:

1. Non-economic damages according to proof;
2. Economic damages according to proof;
3. Interest and pre-judgment interest;
4. Costs of suit; and
5. Such other and further relief as this Court deems proper.

Dated: February 2, 2023

GULDJIAN | FASEL

BY: _____
Chad E. Irvin, Esq.
Attorneys for Plaintiff
EMILIA ANGELICA LEON BAYRON

## DEMAND FOR JURY TRIAL

Demand is hereby made for all the issues of fact in this case to be tried before a jury.

Dated: February 2, 2023

GULDJIAN | FASEL

BY: /s/ Chad E. Irvin
Chad E. Irvin, Esq.
Attorneys for Plaintiff
EMILIA ANGELICA LEON BAYRON

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Chad E. Irvin, Esq. SBN 303210<br>Guldjian \| Fasel<br>20250 Birch Street<br>Costa Mesa, CA 92626<br>TELEPHONE NO.: (949) 487-3000   FAX NO.: (714) 882-5810<br>ATTORNEY FOR *(Name):* Emilia Leon Bayron | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**02/02/2023** at 05:44:36 PM<br>Clerk of the Superior Court<br>By Brenda Ramirez, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS: 330 W. Broadway
CITY AND ZIP CODE: San Diego 92101
BRANCH NAME: Hall of Justice

CASE NAME:
Emilia Angelica Leon Bayron v. Island Hospitality X, LLC et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited   ☐ Limited<br>(Amount         (Amount<br>demanded     demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 37-2023-00004971-CU-PO-CTL<br>JUDGE: Judge Gregory W Pollack<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Construction defect (10) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☑ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* 1 - Negligence
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 2, 2023
Chad E. Irvin, Esq.
(TYPE OR PRINT NAME)                                     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]     **CIVIL CASE COVER SHEET**     Page 2 of 2

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| DIVISION: | Central |
| TELEPHONE NUMBER: | (619) 450-7071 |

| PLAINTIFF(S) / PETITIONER(S): | Emilia Angelica Leon Bayron |
|---|---|
| DEFENDANT(S) / RESPONDENT(S): | Island Hospitality Management X LLC et.al. |

LEON BAYRON VS ISLAND HOSPITALITY MANAGEMENT X LLC [IMAGED]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER: 37-2023-00004971-CU-PO-CTL |
|---|---|

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge: Gregory W Pollack                    Department: C-71

## COMPLAINT/PETITION FILED: 02/02/2023

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 07/07/2023 | 01:30 pm | C-71 | Gregory W Pollack |

**Due to the COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise.** Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

## NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2023-00004971-CU-PO-CTL    CASE TITLE: Leon Bayron vs Island Hospitality Management X LLC [IMAG

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
    (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
    (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and*
    (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

## Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

**Potential Advantages**
- Saves time
- Saves money
- Gives parties more control over the dispute resolution process and outcome
- Preserves or improves relationships

**Potential Disadvantages**
- May take more time and money if ADR does not resolve the dispute
- Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable

## Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway <br> MAILING ADDRESS: 330 West Broadway <br> CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 <br> BRANCH NAME: Central | |
| PLAINTIFF(S): Emilia Angelica Leon Bayron | |
| DEFENDANT(S): Island Hospitality Management X LLC DBA Moxy Gaslamp et.al. | |
| SHORT TITLE: LEON BAYRON VS ISLAND HOSPITALITY MANAGEMENT X LLC [IMAGED] | |

| **STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER: <br> 37-2023-00004971-CU-PO-CTL |
|---|---|

Judge: Gregory W Pollack                             Department: C-71

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)          ☐ Non-binding private arbitration

☐ Mediation (private)                  ☐ Binding private arbitration

☐ Voluntary settlement conference (private)    ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)         ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                  Date: _____

Name of Plaintiff                      Name of Defendant

Signature                              Signature

Name of Plaintiff's Attorney           Name of Defendant's Attorney

Signature                              Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 02/06/2023                              JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)    **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**    Page: 1

| SUPERIOR COURT OF CALIFORNIA | |
|---|---|
| **County of SAN DIEGO** | **Register of Actions Notice** |

| | | | |
|---|---|---|---|
| Case Number: | 37-2023-00004971-CU-PO-CTL | Filing Date: | 02/02/2023 |
| Case Title: | Leon Bayron vs Island Hospitality Management X LLC [IMAGED] | Case Age: | 35 days |
| Case Status: | Pending | Location: | Central |
| Case Category: | Civil - Unlimited | Judicial Officer: | Gregory W Pollack |
| Case Type: | PI/PD/WD - Other | Department: | C-71 |

**Future Events**

| Date | Time | Department | Event |
|---|---|---|---|
| 07/07/2023 | 01:30 PM | C-71 | Civil Case Management Conference - Complaint |

**Participants**

| Name | Role | Representation |
|---|---|---|
| Island Hospitality Management X LLC; DBA : Moxy Gaslamp | Defendant | |
| Leon Bayron, Emilia Angelica | Plaintiff | Irvin, Chad |
| Wheelock Street Investment Management LLC | Defendant | |

**Representation**

| Name | Address | Phone Number |
|---|---|---|
| IRVIN, CHAD | GULDJIAN FASEL 20250 Birch Street Newport Beach CA 92660 | (949) 487-3000 |

| ROA# | Entry Date | Short/Long Entry | Filed By |
|---|---|---|---|
| 1 | 02/02/2023 | Complaint filed by Leon Bayron, Emilia Angelica. Refers to: Island Hospitality Management X LLC; Wheelock Street Investment Management LLC | Leon Bayron, Emilia Angelica (Plaintiff) |
| 2 | 02/02/2023 | Civil Case Cover Sheet filed by Leon Bayron, Emilia Angelica. Refers to: Island Hospitality Management X LLC; Wheelock Street Investment Management LLC | Leon Bayron, Emilia Angelica (Plaintiff) |
| 3 | 02/02/2023 | Original Summons filed by Leon Bayron, Emilia Angelica. Refers to: Island Hospitality Management X LLC; Wheelock Street Investment Management LLC | Leon Bayron, Emilia Angelica (Plaintiff) |
| 4 | 02/06/2023 | Summons issued. | |
| 5 | 02/02/2023 | Case assigned to Judicial Officer Pollack, Gregory. | |
| 6 | 02/06/2023 | Civil Case Management Conference scheduled for 07/07/2023 at 01:30:00 PM at Central in C-71 Gregory W Pollack. | |
| 7 | 02/06/2023 | Case initiation form printed. | |
| 8 | 02/14/2023 | Proof of Service filed by Leon Bayron, Emilia Angelica. | Leon Bayron, Emilia Angelica (Plaintiff) |